**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| DERRECK PERRY, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>ANADARKO PETROLEUM CORP. | CASE NO: 1:17-cv-00682<br>COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

### SUMMARY

1. Plaintiff Derreck Perry brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Anadarko Petroleum Corporation ("Anadarko").

2. Perry and the workers like him regularly worked for Anadarko in excess of 40 hours each week. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

3. Instead of paying overtime as required by the FLSA, Anadarko improperly classified Perry and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation.

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

7. Perry worked exclusively for Anadarko as a drilling consultant from approximately December 2013 until December 2014. Throughout his employment with Anadarko, Perry was paid a day-rate with no overtime compensation and was classified as an independent contractor. Perry's consent to be a party plaintiff is attached as Exhibit A.

8. Perry brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Anadarko's day-rate system. Anadarko paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees consists of:

> **Current and former drilling consultants employed by, or working on behalf of, Anadarko Petroleum Corp. during the past three years who were classified as independent contractors and paid a day-rate.**

9. Anadarko is a Texas corporation doing business throughout the United States, including in this District. Anadarko may be served by serving its registered agent for service of process: **The Corporation Company, 7700 E. Arapahoe Rd., Ste. 200, Centennial, CO 80112-1268**.

## COVERAGE UNDER THE FLSA

10. For at least the last three years, Anadarko has been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. For at least the last three years, Anadarko has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. For at least the last three years, Anadarko has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. For at least the last three years, Perry and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14. Anadarko treated Perry (and indeed all of its drilling consultants that it classified as independent contractors) as employees and uniformly dictated the pay practices Perry and its other employees (including its so-called "independent contractors") were subjected to.

15. Anadarko's misclassification of Perry as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

**FACTS**

16. Anadarko is an oil and natural gas exploration and production company operating worldwide and throughout the United States, including Colorado. In order to provide services to many of its customers, Anadarko contracts with certain companies to provide it with personnel to perform the necessary work.

17. Many of these individuals worked for Anadarko as drilling consultants on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Anadarko classified all its drilling consultants as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

18. For example, Perry worked exclusively for Anadarko from approximately December

2013 until December 2014 as a drilling consultant.

19. Throughout his employment with Anadarko, Perry was classified as an independent contractor and paid on a day-rate basis.

20. As a drilling consultant, Perry's primary job duties (and the job duties of all other drilling consultants employed by, or working on behalf of, Anadarko who were classified and independent contractors and paid a day-rate) included operating oilfield machinery, collecting/relaying data, and reporting their daily activities to their field supervisors for analysis. Anadarko typically scheduled Perry to work 12 hour shifts, for as many as 7 days a week. Perry worked well in excess of 40 hours each week while employed by Anadarko.

21. The work Perry performed was an essential party of Anadarko's core business.

22. During Perry's employment with Anadarko while he was classified as an independent contractor, Anadarko and/or the company it contracted with exercised control over all aspects of his job. Anadarko did not require any substantial investment by Perry in order for him to perform the work required of him. Anadarko determined Perry's opportunity for profit and loss. Perry was not required to possess any unique or specialized skillset (other than that maintained by all other drilling consultants) to perform his job duties.

23. Indeed, Anadarko and/or the company it contracted with controlled all the significant or meaningful aspects of the job duties performed by Perry.

24. Anadarko ordered the hours and locations Perry worked, tools used, and rates of pay received.

25. Even though Perry often worked away from Anadarko's offices without the presence of a direct Anadarko supervisor, Anadarko still controlled all aspects of Perry's job activities by enforcing mandatory compliance with Anadarko's and/or its client's policies and procedures.

26. No real investment was required of Perry to perform his job. More often than not,

Perry utilized equipment provided by the client to perform his job duties. Perry did not provide the equipment he worked with on a daily basis. Anadarko and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Perry worked.

27. Perry did not incur operating expenses like rent, payroll, marketing, and insurance.

28. Perry was economically dependent on Anadarko during his employment.

29. Anadarko set Perry's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Anadarko.

30. Anadarko directly determined Perry's opportunity for profit and loss. Perry's earning opportunity was based on the number of days he Anadarko scheduled him to work.

31. Very little skill, training, or initiative was required of Perry to perform his job duties.

32. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Anadarko and/or the operator Anadarko contracted with. Virtually every job function was pre-determined by Anadarko and/or the operator Anadarko contracted with, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

33. Perry performed routine manual and technical labor duties that were largely dictated by Anadarko and/or its clients.

34. Perry worked exclusively for Anadarko from approximately December 2013 until December 2014 as an independent contractor. Perry was not employed by Anadarko on a project-by-project basis. In fact, while Perry was classified as an independent contractor, he was regularly on call for Anadarko and/or its clients and was expected to drop everything and work whenever needed.

35. All of Anadarko's drilling consultants perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

36. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Anadarko paid the Putative Class Members a day-rate. Anadarko denied the Putative Class Members overtime for any and all hours worked in excess of forty (40) hours in a single workweek.

37. Anadarko's policy of failing to pay its independent contractors, including Perry, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

38. It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

39. Because Perry (and Anadarko's other independent contractors) was misclassified as an independent contractor by Anadarko, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

40. Anadarko's day-rate system violates the FLSA because Perry and the other drilling consultants did not receive any pay for hours worked over 40 hours each week.

## FLSA VIOLATIONS

41. As set forth herein, Anadarko has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

42. Anadarko knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Anadarko's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

43. Accordingly, Perry and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

44. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Perry and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Perry is aware that the illegal practices or policies of Anadarko have been imposed on the Putative Class Members.

45. The Putative Class Members all were classified as independent contractors, received a day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Anadarko's unlawful compensation practices and are similarly situated to Perry in terms of relevant job duties, pay provisions, and employment practices.

46. Anadarko's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Perry's experiences are typical of the experiences of the Putative Class Members.

47. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### JURY DEMAND

48. Perry demands a trial by jury.

### RELIEF SOUGHT

49. WHEREFORE, Perry prays for judgment against Anadarko as follows:

   (a) For an order allowing this action to proceed as a collective action and directing notice to the class;

   (b) For an order pursuant to section 16(b) of the FLSA finding Anadarko liable for unpaid back wages, and an equal amount of liquidated damages, due to Perry and the class members;

   (c) For an order awarding Perry and the class members the costs of this action;

   (d) For an order awarding Perry and the class members their attorneys' fees;

   (e) For an order awarding Perry and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

   (f) For an order awarding Perry and the class members pre- and post-judgment interest at the highest rates allowed by law; and

   (g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: ___*/s/ Matthew S. Parmet*___
      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      Matthew S. Parmet
      Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com